## BUILDING AND LOAN ASSOCIATION—INTEREST.

[Hamilton Circuit Court, 1898.]

### EAST END BUILDING ASSOCIATION v. McCAFFERY.

BUILDING AND LOAN ASSOCIATION MORTGAGE—INVALID CONTRACT.

A contract in a building and loan association mortgage to pay an additional rate of interest as indemnity for counsel fees and expenses, if mortgagee is compelled to go into court to recover, is invalid as against public policy.

MEMORANDUM of decision.

Suit by an administrator to sell property to pay debts of the estate. The East End Loan Association held a mortgage on the property, and filed their answer and cross-petition, averring that it held a duly recorded mortgage on said property for $500; that mortgagee was in default for payment of dues, interest and premiums agreed to be paid therein; that the mortgagee had agreed in said mortgage, that if he became in default for any of said payments, the whole balance of the debt should become due and collectible, and mortgagor became vested

with the right to foreclose; that the interest paid on said loan should be thirty cents a week on a share of $250, or, six twenty-four hundredths per cent. per annum, but to quote from the mortgage, "if said company is required to enter court to recover on, or defend its claim under this mortgage, in foreclosure or other suit, that the interest to be recovered on the consideration of this mortgage, shall be eight per cent. per annum, from the date it was loaned, and such part of such interest as remains unpaid to said company at the date of a judgment for said company in such suit, shall be included in the amount of such judgment of said company for the reimbursement of said company for its counsel fee and other expenses of said suit." There was no denial of these averments.

*Held*: "Where, in a mortgage to a building and loan association, the mortgagor stipulated to pay interest in weekly payments at the rate of six twenty-four hundredths per cent. per annum, but that if the mortgagee, on default of the mortgagor, was required to enter court to recover its loan, that such mortgagee should recover as interest on the sum of the loan, from the date of the same, eight per cent. per annum, instead of the six twenty-four hundredths per cent. per annum, and that such additional interest should be included in the judgment in the case, as indemnity to the mortgagee for its counsel fee and expense in the case, and if more than sufficient for that purpose, the remainder to be for the benefit of the association, such contract for the additional interest is invalid, and cannot be enforced, as the same is against public policy and void."